### GRAM, Application In Re.

Common Pleas Court, Tuscarawas County.

No. 28823.  Decided December 23, 1948.*

*No appeal taken.

J. Alvin O'Donnell of Dennison and Charles E. LaPorte, Uhrichsville, for appellant.

Hugh S. Jenkins, Atty. Genl., Robert Tatgenhorst, Asst. Atty. Genl., for appellee.

## OPINION

By LAMNECK, J.

This case comes into this court on an appeal from the refusal of the State Board of Real Estate Examiners to grant the appellant applicant a real estate broker's license.

According to the transcript of the appellee, the appellant was denied a license on the ground that the appellant did not make a passing grade of 75% at the examination given the applicant and conducted under the direction of said Board.

The appellee contends that the appellant did not follow the procedure prescribed by law subsequent to the refusal of the Board to grant the appellant a license to entitle him to appeal to this court.

**Sec. 6373-45 GC** reads as follows:

"The State Board of real estate examiners shall keep a record of its proceedings and shall have authority upon application of an interested party or upon its own motion and notice to the interested parties to reverse, vacate or modify its own orders.

"Any applicant, licensee or complainant, dissatisfied with an order of said board may appeal in accordance with the provisions of the administrative procedure act."

Under §154-73 GC which is a part of the administrative procedure act;

"Any party adversely affected by any order of an agency issued pursuant to an adjudication * * * denying the issuance * * *or a license * * * may appeal to the common pleas court * * *

"Any party desiring to appeal shall file a notice of appeal with the agency setting forth the order appealed from and the grounds of his appeal. A copy of such notice of appeal shall also be filed by the appellant with the court. Unless otherwise provided by law relating to a particular agency, such notices of appeal shall be filed within fifteen days after the mailing of the notice of the agency order as herein provided.

"Unless otherwise provided by law, the hearing of the appeal shall be confined to the record as certified to it by the agency * * *."

According to the transcript filed by the appellee with this court the appellant was notified on September 13, 1948, by letter, that he had failed to meet the minimum grade required; that his examination paper was regraded on September 14, 1948, on the telephonic request of the appellant and on the same date he was notified by letter that the regrading had not changed the result. On September 22, 1948, the appellant filed his notice of appeal in this court.

Under §154-73 GC, an appeal does not lie except to an order issued pursuant to an "adjudication".

An "adjudication" as defined by §154-62 GC, "means and includes the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person or persons, but does not include the issuance of a license in response to an application with respect to which no question is raised * * *."

Under §154-67 GC, it is provided:

"that every agency shall afford a hearing upon the request of a person whose application for a license has been rejected and to whom the agency has refused to issue a license, whether

the same be a renewal or a new license unless a hearing was held prior to the refusal to issue such license."

Under §§154-69, 154-70, and 154-71 GC relating to the time of hearings, attendance of witnesses, contempt proceedings, admissibility of evidence, record, procedure, etc. before an agency, the term "adjudication hearing" is repeatedly used and this would indicate that there is no "adjudication order" without a hearing conducted as provided by §§154-69, 154-70, and 154-71 GC.

It is specifically provided under §154-71 GC, that:

"At any adjudication hearing required by this act which may be the basis of an appeal to court, a stenographic record of the testimony and other evidence submitted shall be taken at the expense of the agency."

All of the foregoing indicates that there must be an order on an adjudication hearing before there can be an appeal.

To require a court to decide whether an applicant had passed an examination for a license, solely on the record of the questions and answers, given at an examination without evidence to enable the court to determine the correstness of the answers given would, in most cases, place a court in a ridiculous situation. While the court would have no difficulty in determining the correctness of the answers in the examination given in this particular case, because nearly all of the questions are legal in character, yet if this were an appeal from an examination testing an applicant's technical knowledge about which the court is not informed, it would be unable to intelligently pass on the correctness of the answers given without expert testimony.

Secs. 154-62 to 154-74 GC, known as the Administrative Procedure Act as they relate to the issuance of a new license by the State Board of Real Estate Examiners indicates that a person who has been refused a license by said Board by failing to pass an examination, must reque⸗ hearing before said Board, as provided by §154-67 GC; that at such adjudication hearing he has the burden of showing by a preponderance of the evidence that he made the required grade at said examination and that if he is still refused the issuance of a license as a result of such adjudication hearing, he may then appeal to the court of common pleas of the proper county by filing a notice of appeal with said Board and the Court, within fifteen days after the mailing of the notice of final refusal. The Court then determines the appeal

de novo on the record certified to it by the State Board unless additional evidence is admitted by order of the court if newly discovered, and which could not with reasonable diligence have been ascertained prior to the hearing.

The appellant having neglected to request an adjudication hearing before the State Board of Real Estate Examiners following its refusal to grant him a license, and no such hearing having been held, the court is without jurisdiction to entertain his appeal.

It will therefore be ordered that said appeal be dismissed at the appellant's costs.

Exceptions noted.